Barbee v. LeCrone.

---

## Mary S. Barbee v. Lizzie B. LeCrone et al.

1. PRACTICE—*Execution, When Properly Quashed.*—When one of three co-sureties pays his proportionate part of a judgment, the others pay the balance by giving their joint note for the same, and the sheriff returns the execution issued thereon satisfied in full, the co-sureties can not afterward have the return changed so as to show a different state of facts, and any subsequent execution issued thereon is properly quashed.

**Motion to Quash an Execution.**—Error to the Circuit Court of Effingham County; the Hon. SILAS Z. LANDES, Judge, presiding. Heard in this court at the August term, 1895. Affirmed. Opinion filed March 7, 1896.

WRIGHT BROTHERS, attorneys for plaintiff in error.

B. F. KAGAY and R. C. HARRAH, attorneys for defendants in error.

Courts of general jurisdiction have an inherent supervisory power over their process, and may quash, stay or set aside an execution, whenever it is necessary to prevent or correct abuse thereof, according to the justice and equity of each particular case. 7 Am. & Eng. Enc. Law, 146; Sandburg v. Papineau, 81 Ill. 446..

A court from which an execution issues after the satisfaction of the judgment should, on motion, set aside the execution and sale under it. Russell v. Hugunin, 1 Scam. 562.

The aceptance of a promissory note is *prima facie* satisfaction of the antecedent debt for which it is given. McConnell et al. v. Stettinius, 2 Gilm. 707; Ralston v. Wood, 15 Ill. 156; Smalley v. Eddy, 19 Ill. 207; Morrison v. Smith, 81 Ill. 221.

MR. PRESIDING JUSTICE GREEN DELIVERED THE OPINION OF THE COURT.

On December 15, 1892, Mary S. Barbee took judgment on a note against A. W. Le Crone, Lizzie B. Le Crone, John Le Crone and George M. Le Crone. On July 17, 1893, an execution was issued on this judgment and served on all the defendants except A. W. Le Crone, who was then dead. Lizzie B. Le Crone paid, and Mary S. Barbee received the one-third part of the judgment, and Lizzie B. Le Crone caused notice to be served on the attorney of Mary S. Barbee and the sheriff, on July 17, 1893, offering to turn out property of George and John Le Crone to satisfy the balance due on said execution, and forbid levy on her property until the property of said George and John Le Crone was first exhausted. After this notice was served, they paid said balance due, by giving their joint note, which has since been paid and the judgment and execution fully satisfied, and the latter returned by the sheriff, "Satisfied in full" Dec. 7, 1893, after the writ had expired. This return was seen by Bowling, who was looking up the title of Mrs.

Le Crone, who had applied for a loan, and had obtained it on her property on the date last named. After that the return was changed at the instance of the attorney of John and George Le Crone so as to read, "I return the within writ by order of W. B. Wright, assignee of Mary S. Barbee, plaintiff."

On March 11, 1895, the execution in question was issued under the same judgment, and on March 13, 1895, Lizzie B. Le Crone filed her motion to quash said execution, for the reason among others, that she had as co-surety paid her proportionate part, and said John and George Le Crone had paid their proportionate part of said judgment to said plaintiff, and the execution first issued thereon was indorsed satisfied. That the execution dated March 11, 1895, was served on her only, by the sheriff, who threatens to levy upon her property for the benefit of John and George M. Le Crone, co-sureties with her for A. W. Le Crone, the principal maker of the note on which said judgment was taken. Hearing of this motion was had by the court. The motion was sustained and the execution quashed. A careful examination of the record satisfies us that the evidence justified the court in finding the material allegations of the motion were proven, that the judgment had been fully paid to Mary S. Barbee, as alleged, and that Lizzie B. Le Crone, John Le Crone and George M. Le Crone were co-sureties for A. W. Le Crone, and she was not a principal maker of said note, nor did she execute the same to secure said John and George M. Le Crone from loss as they contend, and she is in no manner liable to refund to them the proportionate part of the judgment paid by them. The motion was properly sustained and the judgment is affirmed.